# UNITED STATES COURT OF APPEALS
*for the*
## THIRD CIRCUIT

### Docket No. 16-2465

### M.R. AND J.R., PARENTS OF E.R, A MINOR,
*Appellants*

v.

### RIDLEY SCHOOL DISTRICT,
*Appellee*

(E.D.Pa. Crim. No. 11-cv-02235)

### M.R. AND J.R., APPELLANTS

## *APPELLANT'S BRIEF*

On Appeal from the April 28, 2016, Order of the
United States District Court for the Eastern District of Pennsylvania,
Honorable Mitchell S. Goldberg, at No. 11-cv-02235

**Alan L. Yatvin**
Suite 503
230 South Broad Street
Philadelphia, PA 19102
(215) 546-5700
Fax (215)546-5701
E-mail: *popper.yatvin@verizon.net*

October 28, 2016    Attorney for the Appellants

# **TABLE OF CONTENTS**

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Statement of Subject Matter and Appellate Jurisdiction. . . . . . . . . . . . . . . . . . . 1

Statement of Issues Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      I.     Statutory and regulatory background. . . . . . . . . . . . . . . . . . . . . . . . . . 3

      II.    Factual Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Statement of Related Cases and Proceedings. . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Summary of Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

      I.     The Monetary Judgment Against Ridley and its Payment of
           That Judgment, with Interest, Established Parents as
           Prevailing Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

      II.    Relief which restored the right of the student with a
           disability to a FAPE established Parents as prevailing
           parties... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

           A.     Relief arising from the substantive right to a FAPE
                 establishes Parents as prevailing parties.. . . . . . . . . . . . . . . . 19

           B.     In the alternative, the relief in this case qualifies as
                 procedural relief with substantive effect.. . . . . . . . . . . . . . . 28

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Certification of Bar Membership. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Certification of Compliance with F.R.A.P. and 3rd Cir. L.A.R.
       25, 28 and 32. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

# TABLE OF AUTHORITIES

***Cases***                                                              Page

*A.D. v. Dep't of Educ.,* 2014 U.S. Dist. LEXIS 21479
(D. Haw. Feb. 20, 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102 (3d Cir. 2010). . . . . . . . . . 25

*Board of Education of Oak Park v. Nathan R.*,
199 F.3d 377 (7th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Board of Education of Downers Grove Grade School District No. 58 v.
Steven L.*, 89 F.3d 464 (7th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty.
v. Rowley*, 458 U.S. 176 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*,
532 U.S. 598 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Burke v. Keenum*, 1989 U.S. Dist. LEXIS 1666 (S.D. Ga. Feb. 21, 1989). . . . . . 24

*C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59 (3d Cir. 2010). . . . . . . . . . . . 14, 29

*Dep't of Educ. v. C.B.*, 2012 U.S. Dist. LEXIS 88237, 2012 WL 2467741
(D. Haw. June 26, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Dep't of Educ. v. C.B.*,
2012 U.S. Dist. LEXIS 186429 (D. Haw. Sept. 28, 2012) . . . . . . . . . . . . . 23

*Dep't of Educ. v. C.B.*,
2013 U.S. Dist. LEXIS 27194 (D. Haw., Feb. 26, 2013). . . . . . . . . . . . 22-23

*D.F. v. Collingswood Borough Bd. of Educ.*,
694 F.3d 488, 501 (3d Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Douglas v. District of Columbia*, 67 F. Supp. 3d 36 (D.D.C. 2014) . . . . . . . . . . 23

*Drinker by Drinker v. Colonial Sch. Dist.*, 78 F.3d 859 (3d Cir. 1996). . . 14, 25-26

*Forest Grove Sch. Dist. v. T. A.*, 557 U.S. 230 (2009). . . . . . . . . . . . . . . . . . *13, 25*

*Hensley v. Eckerhart*, 461 U.S. 424 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Honig v. Doe*, 484 U.S. 305, 309 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*John T. ex rel. Paul T. v. Del. County Intermediate Unit*,
318 F.3d 545, 555 (3d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . 19, 25, 28

*J.O. v. Orange Township Bd. of Ed.*, 287 F.3d 267 (3d Cir. 2002). . . . . . 19, 25, 28

*K.R. v. Board of Educ.*, 66 F. Supp. 2d 444, 450 (E.D.N.Y. 1999). . . . . . . . . . . . 24

*Me. Sch. Admin. Dist. No. 35 v. Mr. R.*, 321 F.3d 9 (1st Cir. 2003). . . . . . . . . . . 22

*Michael C. v. Radnor Twp. Sch. Dist.*, 202 F.3d 642 (3d Cir. 2000). . . . . . . . . . . 29

*Mr. & Mrs. R. v. Me. Sch. Admin. Dist. No. 35*,
    295 F. Supp. 2d 113 (D. Me. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
*Mr. & Mrs. R. v. Me. Sch. Admin. Dist. No. 35*,
    295 F. Supp. 2d 120 (D. Me. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
*M.R. v. Ridley Sch. Dist.*, 744 F.3d 112 (3d Cir. 2014). . . . . . . . . . . . . . . . *passim*
*Nack v. Orange City Sch. Dist.*, 454 F.3d 604 (6th Cir. 2006). . . . . . . . . . . . . . . 6
*Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*,
    545 U.S. 967 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
*P. v. Newington Bd. of Educ.*, 546 F.3d 111 (2d Cir. 2008). . . . . . . . . . . . . . . . . . 6
*Petersen v. Hastings Public Schools*, 31 F.3d 705 (8th Cir. 1994). . . . . . . . . . . . 6
*Raab v. City of Ocean City*, 2016 U.S. App. LEXIS 14935,
    833 F.3d 286 (3d Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 19
*Ridley Sch. Dist. v. M.R.*, 680 F.3d 260 (3d Cir. 2012). . . . . . . . . . . . . . . . *passim*
*Ridley Sch. Dist. v. M.R.*, 135 S. Ct. 2309 (2015). . . . . . . . . . . . . . . . . . . . . 11, 12
*Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359 (U.S. 1985). . . . 4, 6, 26
*Shaffer ex rel. Shaffer v. Weast*, 546 U.S. 49 (2005). . . . . . . . . . . . . . . . . . . . . . . . 2
*Stinson v. U.S.*, 508 U.S. 36 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
*Student X v. N.Y.C. Dep't of Educ.*, No. 07-2316,
    2008 U.S. Dist. LEXIS 88163 (E.D.N.Y. Oct. 30, 2008). . . . . . . . . . . . . . 24
*Susquenita Sch. Dist. v. Raelee S. by & Through Heidi S.*,
    96 F.3d 78, 84, 86 (3d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 14, 29
*Taylor F. v. Arapahoe County Sch. Dist. 5*,
    954 F. Supp. 2d 1197 (D. Colo. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
*Termine v. William S. Hart Union High Sch. Dist.*,
    288 Fed. Appx. 360 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
*Texas State Teachers Assn. v. Garland Independent School Dist.*,
    489 U.S. 782, (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
*Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504 (1994). . . . . . . . . . . . . . . . . . . 28
*Tina M. v. St. Tammany Parish Sch. Bd.*, 816 F.3d 57 (5th Cir. 2016). . . . . . . . 25
*Truesdell v. Phila. Housing Auth.*, 290 F.3d 159 (3d Cir. 2002). . . . . . . . . . . . . 17
*Zvi D. by Shirley D. v. Ambach*, 694 F.2d 904 (2d Cir. 1982). . . . . . . . . . . . . . . 26

## **Statutes and Regulations**

20 U.S.C. § 1400(c)(2)(A)&(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
20 U.S.C. § 1400(d)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
20 U.S.C. § 1412(a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

20 U.S.C. § 1414(a)(2)(B)(ii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
20 U.S.C. § 1414(d)(1)(A)(i).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
20 U.S.C. § 1414(d)(4)(A)(I). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
20 U.S.C. § 1415(f)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
20 U.S.C. § 1415(f)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
20 U.S.C. § 1415(f)(3)(E)(I). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
28 U.S.C. § 1415(i)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
28 U.S.C. § 1415(i)(2)(C)(iii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
20 U.S.C. § 1415(i)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
20 U.S.C. §1415(i)(3)(B)(i)(I). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
20 U.S.C. §1415(i)(3)(D). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
20 U.S.C. § 1415(j). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8
28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
28 U.S.C. § 1331. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

34 C.F.R. § 300.106(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
34 C.F.R. § 300.517(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
34 C.F.R. § 300.518(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 20
34 C.F.R. § 300.518(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 16, 18, 20

Federal Register, Vol. 71, No. 156, p. 46708 (8/14/06). . . . . . . . . . . . . . . . . . . 28
Federal Register, Vol. 71, No. 156, p. 46709 (8/14/06). . . . . . . . . . . . 14, 25, 29

Education for All Handicapped Children Act (EAHCA), P.L. 94-142,
    89 Stat. 773 (1975). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 7
Handicapped Children's Protection Act of 1986 (HCPA),
    Pub. L. No. 99-372 § 2, 100 Stat. 796 (1986).. . . . . . . . . . . . . . . . . . . . . 7

## STATEMENT OF SUBJECT MATTER
## AND
## <u>APPELLATE JURISDICTION</u>

On May 16, 2016, Appellants, M.R. and J.R., filed a notice of appeal (A-1) from the district court's April 28, 2016, Order denying Appellants' motion for attorney's fees, which disposed of all parties' claims.  A-3-11.  The district court had jurisdiction over the motion for attorney's fees in this action arising under the Individuals with Disabilities Education Act,  20 U.S.C. § 1400, *et seq*., under 20 U.S.C. § 1415(i)(3)(B)(i)(I) and 28 U.S.C. § 1331. This Court has appellate jurisdiction over the district court's April 28, 2016, final order pursuant to 28 U.S.C. § 1291.

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.    Does not the monetary judgment against the Ridley School District and its payment of that judgment, with interest, establish Parents as prevailing parties?[1]

II.    Does not relief which restored the right of the student with a disability to a FAPE, establish Parents as prevailing parties?[2]

---

[1] 3rd Cir. L.A.R. 28.1(a)(1) Statement: Raised at A-82-85 and Reply Memorandum in Support of Motion for Award of Fees (Document 57), pp. 1-3. Ruled upon at A-11.

[2] 3rd Cir. L.A.R. 28.1(a)(1) Statement: Raised at A-82, A-84 and in Reply Memorandum in Support of Motion for Award of Fees (Document 57), pp. 1-4. Ruled upon in part at A-10-11.

## STATEMENT OF THE CASE

I.    **Statutory and regulatory background**

A.    **Statutory text and structure**

In 1975, Congress passed the Education for All Handicapped Children Act (EAHCA), P.L. 94-142, 89 Stat. 773 (Nov. 29, 1975). It found that children with disabilities "did not receive appropriate educational services" and "were excluded entirely from the public school system and from being educated with their peers." 20 U.S.C. § 1400(c)(2)(A)&(B); *see Honig v. Doe*, 484 U.S. 305, 309 (1988). Other children with disabilities "were simply 'warehoused' in special classes or were neglectfully shepherded through the system until they were old enough to drop out." *Id.* (quoting H.R. Rep. No. 94-332, at 2 (1975)). In 1990, Congress updated EAHCA and renamed it the Individuals with Disabilities Education Act (IDEA), P.L. 101-476, 104 Stat. 1103 (Oct. 30, 1990). IDEA, like EAHCA, "was intended to reverse [a] history of neglect," *Shaffer ex rel. Shaffer v. Weast*, 546 U.S. 49, 52 (2005), by providing funds to states "to ensure that all children with disabilities have available to them a free appropriate public education," or FAPE. 20 U.S.C. § 1400(d)(1)(A).

IDEA seeks to achieve FAPE by providing an individualized program "specially designed to meet the unique needs of the handicapped child, [and] supported by such services as are necessary to permit the child 'to benefit' from the

instruction.*" Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 188-89 (1982). In exchange for receiving federal funds, states must provide an education "where possible in regular public schools, with the child participating as much as possible in the same activities as nonhandicapped children." *Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369 (1985). IDEA also requires that children with disabilities be placed "in private schools at public expense where" achievement of a FAPE in a public school "is not possible." *Id.*

In seeking to achieve FAPE, school districts must design an individualized education program, or IEP, for each student with a disability. 20 U.S.C. § 1412(a)(4). An IEP is "a written statement for each child with a disability that is developed, reviewed, and revised… ." *Id.* § 1414(d)(1)(A)(i).

## B.    IDEA dispute resolution

If parents and the school district do not agree on an IEP, or if parents do not believe that their child is receiving a FAPE, IDEA provides the right to "an impartial due process hearing" under the auspices of either the state or local educational agency (typically, the school district). *Id.* § 1415(f)(1)(A). A due process hearing may be initiated by either the school district or the parents. *Id.* The hearing is conducted by an impartial hearing officer who must be independent of the state agency and the

school district. *Id.* § 1415(f)(3). The hearing officer's decision must be "based on a determination of whether the child received a free appropriate public education." *Id.* § 1415(f)(3)(E)(i).

Either party – the school district or the parents – aggrieved by the final administrative decision may sue in state court or federal district court. *Id.* § 1415(*i*)(2)(A). The court "shall grant such relief as the court determines is appropriate." *Id.* § 1415(*i*)(2)(C)(iii). Either party may appeal an adverse ruling to an appellate court.

## C.    The stay-put provision

IDEA contains what is known as the "stay-put"[3] provision, which was enacted in 1975 as part of the EAHCA. P.L. 94-142, § 615(e)(3), 89 Stat. 789. It provides that "during the pendency of any proceedings conducted pursuant to [20 U.S.C. § 1415], unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child … until all such proceedings have been completed." 20 U.S.C. § 1415(j). The "then-current educational placement" generally constitutes what is set forth in the student's

---

[3]"Stay-put" is also referred to as "pendent placement."  The terms are used interchangeably.  *See e.g.  M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 123 (3d Cir. 2014) (*Ridley II*); *Susquenita Sch. Dist. v. Raelee S. by & Through Heidi S.*, 96 F.3d 78, 83 (3d Cir. 1996).

preexisting IEP, and includes "the setting in which the IEP is implemented, such as a regular classroom or a self-contained classroom." 64 Fed. Reg. 12,406, 12,616 (Mar. 12, 1999). *Id.* Thus, although a student's "then-current placement" may be at a location away from the public school—such as at a private school—generally that term refers to a particular program or services within the regular public school or in the public-school system. *See, e.g., P. v. Newington Bd. of Educ.*, 546 F.3d 111, 114-17 (2d Cir. 2008); *Nack v. Orange City Sch. Dist.*, 454 F.3d 604, 608, 610 (6th Cir. 2006); *Petersen v. Hastings Public Schools*, 31 F.3d 705, 706 (8th Cir. 1994).

The Department of Education has issued a stay-put regulation providing that, absent the parties' agreement, the child must remain in his or her current placement "during the pendency of any administrative or judicial proceeding regarding a due process complaint." 34 C.F.R. § 300.518(a). Moreover, if, after an impartial due process hearing, the hearing officer "agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a) of this section." *Id.* § 300.518(d).

The applicability of stay-put to a parentally selected private placement following an administrative decision in favor of parents has been clear since 1985. *Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359, 372 (U.S. 1985).

### D.    Attorney's Fees

The IDEA's attorney's fee provision dates back to 1986, when Congress enacted the Handicapped Children's Protection Act of 1986 (HCPA), Pub. L. No. 99-372 § 2, 100 Stat. 796, amending the EAHCA to provide for attorneys' fees.  The IDEA provides that a district court may, in its discretion, award "reasonable attorneys' fees" to the parents of a child with a disability who is a "prevailing party." 20 U.S.C. §1415(i)(3)(B)(i)(I).  The IDEA prohibits attorneys' fees and related costs for certain services, but none of them are involved here.   20 U.S.C. §1415(i)(3)(D).

## II.    Factual Background

E.R. is a child with learning disabilities and health problems. She attended elementary school in the Ridley School District ("Ridley") for kindergarten in 2006-2007 and first grade in 2007-2008. She received special education, but her parents, M.R. and J.R., did not believe that Ridley was providing adequate instruction to compensate for their daughter's disabilities. *Ridley Sch. Dist. v. M.R.*, 680 F.3d 260, 266 (3d Cir. 2012) (*Ridley I*). After about two years of attempted collaboration with school officials on a program that fit E.R.'s needs, Parents determined that Ridley had not developed an adequate IEP for E.R.'s upcoming second-grade year and, thus, was not the proper setting for E.R.'s education. *Id*. at 264-67. In August 2008, Parents informed Ridley that they were enrolling E.R. at Benchmark School, a private school

that specializes in educating students with learning disabilities. *Id*. at 267.

In December 2008, Parents filed an IDEA due process complaint. *Id.* After a series of hearings and submissions, a hearing officer ruled that Ridley had provided a free appropriate public education (FAPE) to E.R. for kindergarten, but agreed with her parents that Ridley had not provided  FAPE for part of first grade and had not offered a FAPE for second grade.  The hearing officer agreed that Benchmark was a proper placement for E.R.'s second-grade education and ordered Ridley to pay E.R.'s educational costs for that year. *Ridley I*, 680 F.3d at 267.

As explained above (at § I.C.), the effect of the hearing officer's decision in Parent's favor was that E.R.'s enrollment at Benchmark was treated as an agreement that Benchmark was her then-current educational placement under the IDEA, 20 U.S.C. 1415(j). *See* 34 C.F.R. § 300.518(d); *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 119, (3d Cir. 2014) (*Ridley II*).  Also at that point, Ridley immediately became responsible for E.R.'s education at Benchmark.  *Susquenita Sch. Dist. v. Raelee S. by & Through Heidi S.*, 96 F.3d 78, 84, 86 (3d Cir. 1996);  *Ridley II*, 744 F.3d at 119. But Ridley did not pay for E.R.'s education at that time. A-38.

Ridley sought review of the hearing officer's decision in Pennsylvania state court, and Parents removed the case to federal district court. Thereafter, the district court reversed the hearing officer's decision, finding that Ridley had provided a

FAPE to E.R. for first grade and had offered a FAPE for second grade. Parents appealed the district court's decision to this Court, which affirmed in an opinion dated May 17, 2012. *Ridley I*.

Meanwhile, during the pendency of *Ridley I*, E.R. remained at Benchmark. Because Ridley would not pay Benchmark's costs, Parents paid E.R.'s tuition, with the help of an income-based scholarship. A-66-67. Shortly after filing their appeal to the Third Circuit in *Ridley I*, Parents sent two written demands to Ridley for payment of E.R.'s Benchmark tuition. A-22, A-38. Referencing the stay-put provision, Parents requested payment of E.R.'s tuition from the date of the hearing officer's decision forward. *Id*. Ridley refused to honor its agreement to maintain E.R. at the Benchmark School.  A-22; A-29.

In response to Ridley's refusal to honor its stay-put obligation to maintain E.R. at Benchmark, M.R. and J.R. filed the suit from which this appeal arises.  Parents claimed that after the hearing officer's decision had made Benchmark E.R.'s then-current placement, IDEA required Ridley to pay E.R.'s tuition through the completion of the *Ridley I* appeal to the Third Circuit. The district court agreed and granted Parents' motion for judgment on the pleadings on August 13, 2012. A-33-34,

A-50-62.[4]  On October 1, 2012 the district court entered judgement "in favor of M.R. and J.R. and against Ridley School District in the amount of $57,658.38."  A-64.

Ridley appealed to this Court, claiming that: (1) Parents' claim was barred at the threshold because it was untimely, (2) Parents were not entitled to relief because, by the time of this lawsuit, the district court had already held that Ridley had properly designated the local public school as E.R.'s appropriate placement, and (3) if Parent's were entitled to relief, the stay-put requirement did not include the appellate proceedings in *Ridley I*, but rather ended after the district court's reversal of the hearing officer's decision. This Court rejected all of these arguments and affirmed. *M.R.  V. Ridley Sch. Dist.*, 744 F.3d 112 (3d Cir. 2014) (*Ridley II*).

On June 20, 2014, Ridley filed a petition for a writ of certiorari. The only question presented by the petition was whether a school district's stay-put obligation under the IDEA terminates upon entry of final judgment by the trial court, or continues until completion of appeal, as this Court had held.[5]  Although the petition had no implications for approximately two-thirds of the judgment (see A-66-67),

---

[4]Parents did not file a petition for a writ of certiorari from the decision of this Court in *Ridley I*.  Accordingly, the period of the pendent placement was fixed by the May 17, 2012, decision in *Ridley I*, prior to the grant of judgment on the pleadings and entry of judgment for Parents. *Ridley II*, 744 F.3d at 117.

[5]http://sblog.s3.amazonaws.com/wp-content/uploads/2014/08/13-1547.pdf (Last viewed 10/18/16).

Ridley still did not pay any of the undisputed amount.

On May 18, 2015, the Supreme Court denied the petition for a writ of certiorari. *Ridley Sch. Dist. v. M.R.*, 135 S. Ct. 2309 (2015).

On June 9, 2015, Ridley issued Appellants M.R. and J.R. a check for $57,918.45 (A-103), which reflected the judgment "entered in favor of M.R. and J.R. and against Ridley School District in the amount of $57,658.38" (A-64), plus compounded post-judgment interest. A-101.

On July 17, 2015, Parents filed a Motion for Award of Counsel Fees and Costs in the district court.   A-68.

On April 28, 2016, the district court denied the motion for attorney's fees.  A-3-11.  That order is the subject of this appeal.  A-1.

## **STATEMENT OF RELATED CASES AND PROCEEDINGS**

*Ridley I*, involving the same parties was docketed at 09-cv-02503

in the Eastern District of Pennsylvania. The appeal in that case was docketed

in this Court at 11-1447. The appeal in *Ridley I* was decided by this Court under

*Ridley Sch. Dist. v. M.R.*, 680 F.3d 260 (3d Cir. 2012).

An appeal of the district court judgment in this action (11-cv-02235) was

docketed in this Court at 12-4137.  That appeal (*Ridley II*) was decided by this court

in *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112 (3d Cir. 2014).  Ridley's petition for a writ

of certiorari from that decision was denied by the Supreme Court on May 18, 2015.

*Ridley Sch. Dist. v. M.R.*, 135 S. Ct. 2309 (2015).

## SUMMARY OF ARGUMENT

The IDEA allows an award of attorney's fees to a "prevailing party." 20 U.S.C. §1415(i)(3)(B)(i)(I). The Supreme Court has defined "prevailing party" as a "party in whose favor a judgment is rendered..." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001).  Here, the district court entered judgement in favor of parents to repay them for the amounts they had expended on their daughter's education. A-66-67.  Ultimately, Ridley paid the entire judgment, plus compounded post-judgment interest. A-101, A-103.  This was a "material alteration of the legal relationship of the parties" establishing parents as prevailing parties. *Buckhannon*, 532 U.S. at 604.

Cases, like this one, brought separately to compel compliance with the IDEA's stay-put requirement, including reimbursement, do far more than preserve the *status quo*.  As a result of this litigation, Parent's have more than $50,000 that they sought in the litigation, and they are never going to be required to give it back.  There is nothing status-quo-preserving – that is, temporary – about that.

Indeed, both this Court and the district court have previously found that this action involved a placement determination. *Ridley II.*, 744 F.3d at 116; A-51. Provision of a FAPE is the broad purpose of the IDEA, including through publicly funded private-school placements when necessary. *Forest Grove Sch. Dist. v. T. A.*,

557 U.S. 230, 238 (2009). "Implicit in maintaining a child's current educational placement is the requirement that the public agency must ensure that FAPE continues to be made available to the child." Federal Register, Vol. 71, No. 156, p. 46709 (8/14/06). *See also Drinker by Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 865 (3d Cir. 1996).

Stay-put is a procedural safeguard with substantive effect under the IDEA. *Raelee S.*, 96 F.3d at 81-82. Violation of a procedural right that impedes a child's right to a FAPE constitutes a substantive harm. *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 66-67 (3d Cir. 2010). Remedying such a substantive harm through a money judgment vindicates that right and provides substantive relief.

Ridley's refusal to comply with its agreement to E.R.'s placement denied her a FAPE. Parents' suit was brought to restore her FAPE. Having succeeded, the relief obtained was not merely procedural or evanescent, it accomplished its goal to provide ER with FAPE and established Parents as prevailing parties for purposes of claiming attorneys' fees.

## ARGUMENT

**I.    The Monetary Judgment Against Ridley and its Payment of That Judgment, with Interest, Established Parents as Prevailing Parties.**

Standard of Review:

The Court of Appeals' exercises plenary review over legal questions regarding the award of attorney's fees.  *Raab v. City of Ocean City*, 2016 U.S. App. LEXIS 14935, *8, 833 F.3d 286 (3d Cir. 2016).

---

The IDEA allows an award of attorney's fees to a "prevailing party." 20 U.S.C. §1415(i)(3)(B)(i)(I). The Supreme Court has defined "prevailing party" as a "party in whose favor a judgment is rendered..." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001).

On  October 1, 2012, the district court entered judgement "in favor of M.R. and J.R. and against Ridley School District in the amount of $57,658.38," (A-64), reflecting amounts due to Parents for regular school year tuition, Extended School Year (ESY)[6] tuition, the cost of transporting their child to school, guided study, books, fees and tutoring.  A-66-67. After requiring Parents to retain an attorney to defend an appeal both in this Court and the Supreme Court – requiring extensive

---

[6]ESY services provide classes beyond the normal school year and are considered a special education related service. 34 C.F.R. § 300.106(b).

briefing in both courts -- Ridley issued Parents a check for $57,918.45. (A-103), which represented the entire judgment (A-64), plus compounded post-judgment interest.

Simply put: Parents sued. Parents won. Ridley paid Parents every dime they sought, plus interest. This case is thus a classic example of a lawsuit that has "create[d] the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon*, 532 U.S. at 604 (quoting *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792-93 (1989)).

The April 21, 2009 decision of the Due Process Hearing Officer created a judicially sanctioned agreement that the private parental placement at the Benchmark School became the Student's pendent placement. That is, at that point, the child had a substantive right to "stay put" in her current placement, the private school. *See* 34 C.F.R. § 300.518(d).

The sole subject of the current litigation was Ridley's unsupportable failure to immediately shoulder its burden to fund Student's agreed placement at Benchmark, an obligation which Ridley conceded (A-52 n. 8), and to compensate Parents for having failed to do so. Parents obtained the relief they sought, enforcement of Ridley's agreement and payment of the expenses they bore during the stay-put period.

In so doing, Parents overcame all the defenses of Ridley, including the claim that the school district, not Benchmark, was the proper stay-put placement. *Ridley II*, 744 F.3d at 124-25. Accordingly, Parents are entitled to their reasonable attorney's fees and costs as prevailing parties. 20 U.S.C. § 1415(i)(3).

   "[T]he Supreme Court has given a 'generous formulation' to the term 'prevailing party,'" *Truesdell v. Phila. Housing Auth.*, 290 F.3d 159, 163 (3d Cir. 2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)), unless the party's "success on a legal claim can be characterized as purely technical or *de minimis*." *Garland*, 489 U.S. at 792. No one has ever suggested, nor has Ridley maintained here, that a judgment in excess of $50,000 is *de minimis*.

   This Court has established a two-pronged test to determine prevailing party status: "First, whether plaintiffs achieved relief, and second, whether there is a causal connection between the litigation and the relief from the defendant." *D.F. v. Collingswood Borough Bd. of Educ.*, 694 F.3d 488, 501 (3d Cir. 2012) (internal quotation marks and citations omitted). To satisfy the first prong, a plaintiff "must merely secure some of the benefit sought in the lawsuit. ... To satisfy the second prong, demonstrating causation, a plaintiff must show that litigation was a material contributing factor in bringing about the events that resulted in obtaining the desired relief." *Id.* (internal quotation marks and citations omitted).

Here, both prongs are satisfied.  Parents sued "seek[ing] payment for E.R.'s pendent placement at the Benchmark School commencing on April 21, 2009, the date of the decision of the Pennsylvania Due Process Hearing Officer."  A-19, ¶ 3.  As noted earlier, on that date, under federal law, Benchmark became the Student's stay-put placement. See 34 C.F.R. § 300.518(d). On October 1, 2012, the district court entered judgment for Parents for all of the repayment that they sought.  A-66-67.

Ridley cannot and does not contest that this lawsuit led to – and, indeed, was the sole cause of – that result.  And, to put an exclamation point on Parent' status as prevailing parties, following Ridley's unsuccessful petition for a writ of certiorari, Ridley paid Parents the entire judgment, plus statutory post-judgment interest.

## II.    Relief which restored the right of the student with a disability to a FAPE established Parents as prevailing parties.

Standard of Review:

The Court of Appeals' exercises plenary review over legal questions regarding the award of attorney's fees.  *Raab v. City of Ocean City*, 2016 U.S. App. LEXIS 14935, *8, 833 F.3d 286 (3d Cir. 2016).

---

### A.    *Relief arising from the substantive right to a FAPE establishes Parents as prevailing parties.*

In concluding that Parents are not prevailing parties, the district court relied upon *John T. ex rel. Paul T. v. Del. County Intermediate Unit*, 318 F.3d 545, 555 (3d Cir. 2003) and *J.O. v. Orange Township Bd. of Ed.*, 287 F.3d 267 (3d Cir. 2002).  A-7-10.  As discussed above, the relief granted here – significant monetary judgment to Parents – places Parents squarely within the universe of prevailing parties contemplated by *Buckhannon*.

A characterization of relief arising from stay-put, particularly under the facts here, as merely transient relief, ignores the reality of the IDEA, where every placement is potentially temporary.  Because a child's IEP is reviewed annually, a child's program or placement can and does change every year, or even more often if warranted.  20 U.S.C. § 1414(d)(4)(A)(i).  The three years of the placement for which

parents were paid in this case was thus three times longer than the maximum for any single IEP, and longer than the maximum period within which a reevaluation must occur.  § 1414(a)(2)(B)(ii).  As this Court noted, Congress did not intend that "a placement based on an agreement with 'the State or local educational agency' [] be less secure than one based on an IEP."  *Ridley II*, 744 F.3d at 124.

This case concerned solely Ridley's failure to honor its "agreement," by operation of law, that Benchmark was E.R.'s pendent placement.  That is, under 34 C.F.R. § 300.518(d), when "the hearing officer in [the] due process hearing conducted by the [school district] agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a)" of the stay-put regulation. Paragraph (a), in turn, provides that "during the pendency of any administrative or judicial proceeding regarding a due process complaint . . ., unless the [school district] and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement… ."  34 C.F.R. § 300.518(a).

This litigation was brought to enforce this legally-sanctioned agreement and repay Parents for their expenditures, and it resulted in a ruling that the agreement was binding, that Benchmark was the proper placement, and so Parents were entitled to judgment in their favor. The relief awarded in this case, payment to Parents of the

amounts expended by them due to Ridley's breach of its agreement under the IDEA, was not temporary or conditional -- it was a check for $57,658.38, covering not just tuition, but Parents' transportation costs, ESY, guided study, books, fees, tutoring and interest. A-66-67.

Cases, like this one, brought separately to compel compliance with the IDEA's stay-put requirement, including reimbursement, do far more than preserve the *status quo* – indeed, they are brought to change the *status quo*, and to do so permanently. As a result of this litigation, Parent's have more than $50,000 that they sought in the litigation, and they are never going to be required to give it back.  There is nothing status-quo-preserving – that is, temporary – about that.  *Accord Termine v. William S. Hart Union High Sch. Dist.*, 288 Fed. Appx. 360, 362 (9th Cir. 2008) (success in receiving reimbursement of tuition for the disputed time period in a separate stay-put action qualifies the parents as prevailing parties entitled to attorney's fees).

Likewise, in cases from other courts, as here, the parents won with regard to stay-put -- that is, a hearing officer and/or court held that their child was entitled to remain in the Parents' preferred placement over the school district's objection. And, like here, the parents did not ultimately win on the question whether the school had provided FAPE.  Nonetheless, because the stay-put victory materially altered the legal

relationship between the parties, the parents were prevailing parties for attorney's fees purposes.

In *Me. Sch. Admin. Dist. No. 35 v. Mr. R.*, 321 F.3d 9 (1st Cir. 2003), the First Circuit awarded fees where Parent prevailed on his stay-put claim. The Court explained that while "a successful invocation of the IDEA's stay-put provision, on an interlocutory basis, ordinarily will not confer prevailing party status," this case "is not cut from the usual cloth" as it involved "an independent, free-standing civil action, instituted by the School District in which it sought to enjoin the operation of the stay-put provision. That quest for injunctive relief was the sole object -- the raison d'etre -- of the First Suit." *Id.* 15-16.[7] *See also Dep't of Educ. Haw. v. C.B. ex rel.*

---

[7]At the point where the First Circuit decided the matter, the parents had not won on FAPE. The Court of Appeals directed the district court to consider whether the "continuation of this benighted placement into the 2000-2001 school year deprived S.R. of the compendium of services reasonably necessary to constitute a [free appropriate public education] FAPE." *Maine School Admin. Dist. No. 35 v. Mr. and Mrs. R.*, 321 F.3d at 19. Subsequently, the district court concluded that the school district did not provide FAPE during the period of the stay-put, and remanded to the admin hearing officer to determine the value of that denial during the stay-put period. *Mr. & Mrs. R. v. Me. Sch. Admin. Dist. No. 35*, 295 F. Supp. 2d 113, 117 (D. Me. 2003). On the same day (12/12/03), the district court ordered attorneys' fees and related expenses incurred in defending the stay put placement against the action brought by the district for injunctive relief. *Mr. & Mrs. R. v. Me. Sch. Admin. Dist. No. 35*, 295 F. Supp. 2d 120, 121 (D. Me. 2003). The fact that parent was the defendant does not change the analysis. In both cases the school district refused to honor its stay-put obligation. Here, Ridley simply said no, forcing Parents to seek court relief, while in *Mr. R.*, the school

(continued...)

*Donna B.*, 2013 U.S. Dist. LEXIS 27194, 2013 WL 704934, at *4-5 (D. Haw. Feb. 26, 2013) (noting that while "establishing entitlement to 'stay-put' protection does not give rise to entitlement as a 'prevailing party' to recover attorney's fees" this case was different as the plaintiffs had obtained a ruling from the hearing officer that the student had been "denied . . . a free and appropriate public education" and the issue of a stay-put order was "vigorously" litigated before the district court);[8] *Douglas v. District of Columbia*, 67 F. Supp. 3d 36, 41 (D.D.C. 2014) (court order awarding full relief on stay-put claim "unquestionably alter[ed] the parties' legal relationship" rendering plaintiff prevailing party entitled to attorneys' fees); *A.D. v. Dep't of Educ.,* 2014 U.S. Dist. LEXIS 21479, *10 * (D. Haw. Feb. 20, 2014) ("Plaintiff prevailed

---

[7](...continued)
district sought court affirmation of its position, forcing parents to defend.

[8]*C.B.* presents the same posture as this case. Parents dissatisfied with progress in public school, unilaterally placed the child in a private school. The hearing officer found a denial of FAPE and awarded tuition reimbursement. The Hawaii Department of Education (DOE) appealed by filing a complaint, which included a motion for a preliminary injunction to stay the stay-put effect of the administrative decision. The district court denied the injunction and granted parents' counter motion for stay-put and ordered the DOE to fund the private placement during the pendency of the proceedings. *Dep't of Educ. v. C.B.*, 2012 U.S. Dist. LEXIS 88237, *2, 2012 WL 2467741 (D. Haw. June 26, 2012). As here, the district court subsequently reversed the hearing officer's finding of a denial of FAPE. The district court then declared parents prevailing party on the stay-put dispute and awarded attorney's fees to parents. *Dep't of Educ. v. C.B.*, 2013 U.S. Dist. LEXIS 27194 (D. Haw., Feb. 26, 2013).

on the issue of stay put, having obtained some relief on the merits, *i.e.*, judgment on the fourth claim for stay put."); *Taylor F. v. Arapahoe County Sch. Dist. 5*, 954 F. Supp. 2d 1197, 1204 (D. Colo. 2013) (In a suit to determining current educational placement for purpose of stay-put, the court has "little difficulty concluding that Plaintiffs are the prevailing party" entitled to attorneys' fees); *Student X v. N.Y.C. Dep't of Educ.*, No. 07-2316, 2008 U.S. Dist. LEXIS 88163 *84 (E.D.N.Y. Oct. 30, 2008) ("Plaintiff did not seek merely to maintain the status quo, but litigated a substantive dispute over which placement applied.");[9] *K.R. v. Board of Educ.*, 66 F. Supp. 2d 444, 450 (E.D.N.Y. 1999) ("Although enforcement of the IDEA's stay-put provision ordinarily amounts to no more than preservation of the *status quo*, where the petition also seeks a substantive determination of which educational placement should be applied under the stay-put provision, the petitioner has requested relief on the merits."); *Burke v. Keenum*, 1989 U.S. Dist. LEXIS 1666, *9-10 (S.D. Ga. Feb. 21, 1989) (Even though issues relating to prospective placement were unresolved, the district court's determination of stay-put placement constituted a final judgment on the merits of parents' stay-put claim, entitling them to an award of reasonable attorney

---

[9]The district court reversed the hearing officer decision finding a denial of FAPE, but found that the school district had unlawfully terminated his "pendency" (stay-put) placement, required the school district to compensate for the stay-put denial and awarded parent her attorney's fees. *Id.* at *85.

fees and costs).[10]

The district court had previously found that this involved a placement determination: "Here, the parties dispute which school is E.R.'s current placement for purposes of Parents' claim." A-51. This Court likewise confirmed that the litigation involved a dispute over placement. *Ridley II*, 744 F.3d at 116.

Provision of a FAPE is the broad purpose of the IDEA, including through publicly funded private-school placements when necessary. *Forest Grove Sch. Dist. v. T. A.*, 557 U.S. 230, 238 (2009). As the Secretary of Education has explained: "Implicit in maintaining a child's current educational placement is the requirement that the public agency must ensure that FAPE continues to be made available to the child." Federal Register, Vol. 71, No. 156, p. 46709 (8/14/06). See also *Drinker by*

---

[10]Parents are, of course, aware of decisions to the contrary. However, like *J.O.* and *John T.*, those decisions do not address the factual and procedural scenario presented here. See *Tina M. v. St. Tammany Parish Sch. Bd.*, 816 F.3d 57, 59 (5th Cir. 2016) (ALJ entered a stay put order during pendency of due process proceedings. Parties settled through mediation and parent terminated administrative proceedings. Suit for fees denied on basis that parents were not prevailing parties.); *Board of Education of Oak Park v. Nathan R.*, 199 F.3d 377 (7th Cir. 2000) (Parents of expelled student who obtained stay-put order from administrative officer directing return to school not prevailing parties for purposes of subsequent fee suit based solely on stay-put order.); *Board of Education of Downers Grove Grade School District No. 58 v. Steven L.*, 89 F.3d 464 (7th Cir. 1996) (Attorney's fees claim of parents who obtained a stay put order in response to school district decision to alter student's educational program were not prevailing parties).

*Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 865 (3d Cir. 1996) (citing *Zvi D. by Shirley D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982)) ("To cut off public funds [for the stay-put placement] would amount to a unilateral change in placement, prohibited by the Act."). Here, the effect of Ridley's breach was to deny a *free* appropriate public education and shift the cost of E.R.'s education onto her Parents.

As the Supreme Court has explained, "The Act was intended to give handicapped children both an appropriate education and a free one; it should not be interpreted to defeat one or the other of those objectives." *Burlington*, 471 U.S. at 372. The district court's judgment, consistent with *Burlington*, required Ridley to repay Parents the cost, along with all related services. But by failing to recognize that Parents have prevailed, the district court effectively rendered their child's education, provided during the legally-sanctioned stay-put period, anything but free.

Moreover, withholding attorney's fees under circumstances like those presented here encourages behavior by school districts which is inconsistent with the IDEA. Ridley was bound by an agreement to provide Student's placement at Benchmark, which it disregarded. When demand was made for it to honor the agreement, Ridley refused. After the district court ruled that Ridley's refusal was unlawful, Ridley then sought review in this Court and then, in part, in the Supreme Court, causing Parents significant legal expenses defending the agreement. Indeed,

Ridley even failed to pay the two-thirds of the judgment that was not the subject of its petition for certiorari, delaying payment of those portions of the October 1, 2012, Judgment (A-64) from the February 20, 2014, decision of this Court until June 9, 2015. A-103. The record demonstrates that the perceived lack of exposure to counsel fees was a factor in Ridley's decision to continue to litigate.[11]

The denial of counsel fees in these circumstances encourages school districts to disregard a pendent placement agreement. Without fees, there is no disincentive for school districts to shoulder lawful placement agreements and orders which they can defer for years, without fear that the financial exposure will increase.[12]

_____

[11]At page 4, note 3, of their Reply Memorandum in Support of Motion for Award of Fees (Document 57), Parents noted that the public minutes of the Ridley School Board meeting following the Court of Appeals decision demonstrated that the claimed unavailability of fees was a factor in filing the petition for a writ of certiorari. 3/10/14, pp. 296-297. http://www.ridleysd.k12.pa.us/cms/lib2/PA01001042/Centricity/Domain/5/10%20 March%202014%20Board%20Minutes.pdf (last viewed 10/18/15).

[12]Indeed, in this case, Ridley enjoyed a substantial windfall from its failure to honor its agreement, because it reaped the benefit of Parents' receipt of tuition assistance from Benchmark (A-66-67) – which lowered Ridley's tuition obligation – to the detriment of other students who might well have benefitted from such assistance.

**B.    In the alternative, the relief in this case qualifies as procedural relief with substantive effect.**

The decisions in *John T.* (2003) and *J.O.* (2002), pre-date the 2004 amendments to the IDEA and the 2006 Regulations.  In the comments to those 2006 Regulations, the scope of "prevailing party" was specifically raised in connection with the attorney fee section of the Regulations, 34 C.F.R. § 300.517(a).  Federal Register, Vol. 71, No. 156, p. 46708 (8/14/06).  The Secretary responded:

> With regard to the recommendation that we include language that the parent must be the prevailing party on substantive grounds, we decline to regulate because we believe that the statutory provisions regarding attorneys' fees are appropriately described in § 300.517. Furthermore, section 615(f)(3)(E) of the Act, reflected in § 300.513, recognizes both that hearing officer determinations that a child did not receive FAPE, in some circumstances, may be based on procedural violations, and that hearing officers may order LEAs to comply with procedural requirements. Either of these circumstances, in appropriate cases, might result in a parent being determined to be a prevailing party for purposes of claiming attorneys' fees.

*Id.*

This determination by the Secretary is entitled to deference.  Courts "give substantial deference to a federal agency's interpretation of its own regulations." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) ("[T]he agency's interpretation must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation."); see also *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982 (2005);  *Stinson v. U.S.*, 508 U.S. 36, 43-45

(1993) (deferring to an agency's interpretive commentaries); *M.R. v. Ridley Sch. Dist.*, 744 F.3d at 126-127; *Michael C. v. Radnor Twp. Sch. Dist.*, 202 F.3d 642, 653 (3d Cir. 2000) (deferring to an agency's interpretation in an Office of Special Education Programs [] Policy Letter).

Stay-put is such a procedural safeguard with substantive effect under the IDEA. *Raelee S.*, 96 F.3d at 81-82. "Implicit in maintaining a child's current educational placement is the requirement that the public agency must ensure that FAPE continues to be made available to the child." § 300.518, Federal Register, Vol. 71, No. 156, p. 46709 (8/14/06). Violation of a procedural right that impedes a child's right to a FAPE constitutes a substantive harm. *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 66-67 (3d Cir. 2010).

Here, Ridley's refusal to comply with its agreement to E.R.'s placement at Benchmark denied her a FAPE. Parents' suit was brought to restore her FAPE. Having succeeded, the relief obtained was not merely procedural or evanescent, it accomplished its goal to provide ER with FAPE and established Parents as prevailing parties for purposes of claiming attorneys' fees.

## <u>CONCLUSION</u>

**WHEREFORE**, for all the reasons set forth herein, Appellants request this Court vacate the April 28, 2016, Order of the district court denying their motion for attorney's fees.

Respectfully submitted,

**Alan L. Yatvin**
Attorney for the Appellants

## <u>CERTIFICATION OF BAR MEMBERSHIP</u>

I, Alan L. Yatvin, hereby certify that I am a member in good standing of the Bar of the United States Court of Appeals for the Third Circuit.

**Alan L. Yatvin**

## CERTIFICATION OF COMPLIANCE WITH
## F.R.A.P. and 3rd Cir. L.A.R. 25, 28 and 32

Undersigned counsel for appellant hereby certifies that he has complied with  the requirements of F.R.A.P. 25, 28 and 32 and 3rd Cir. L.A.R. 25, 28 and 32, as follows:

1.  The font type and size is Times New Roman 14pt, a proportionally spaced, fully justified, serif font (exclusive of the cover).

2.  The complete word and line count (inclusive of the cover, tables and certifications), as measured by WordPerfect X7, are 7742 and 796, respectively.

3.  The text of the e-brief and hard copy brief is identical.

4.  A virus check was performed on the PDF of the e-brief and appendix with Windows 10 Defender (definitions ver. 1.231.631.0).

_____
**Alan L. Yatvin**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he has caused to be served a copy of the foregoing Brief for Appellant and Appendix ( Vols. I - II) upon the following, by ECF, pre-paid:

> John F.X. Reilly
> Attorney-at-Law
> 230 N. Monroe St.
> Media, PA 19063-2908
> 610-565-0975

The brief and appendix are being filed by Third Circuit ECF, and by filing of 7 copies of the brief and 4 copies of the appendix with the Clerk of the Court of Appeals within 5 days of the electronic filing.

_____
**Alan L. Yatvin**

October 17, 2016                    Attorney for Appellants