# UNITED STATES COURT OF APPEALS
*for the*
# THIRD CIRCUIT

**Docket No. 16-2465**

**M.R. AND J.R., PARENTS OF E.R, A MINOR**,
*Appellants*
v.

**RIDLEY SCHOOL DISTRICT**,
*Appellee*

(E.D.Pa. Crim. No. 11-cv-02235)

# *APPENDIX*
VOLUME I

**Alan L. Yatvin**
Suite 503
230 South Broad Street
Philadelphia, PA 19102
(215) 546-5700
Fax (215)546-5701
E-mail: *popper.yatvin@verizon.net*
Attorney for the Appellants

# Appendix Table of Contents

**Volume I**

Notice of Appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1

Order (4/28/16). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-3

**Volume II**

District Court Docket. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-12

Complaint of M.R. and J.R... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-19

Answer of Ridley School District. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-27

Order (8/12/13). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-33

Memorandum Opinion (8/12/13). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-35

Amended Order (9/10/12). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-63

Judgment (10/1/12) with Stipulation.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-64

Motion for Award of Counsel Fees (with only Exhibits F and G). . . . . . . . . . A-68

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **M.R. and J.R.**, Parents of minor child **E.R.**, | : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 11-cv-02235-MSG |
| v. | : : | |
| **RIDLEY SCHOOL DISTRICT,** Defendant. | : : : | |

**NOTICE OF APPEAL**

To the Clerk of District Court:

Plaintiffs, M.R. and J.R., parents of minor child, E.R., hereby give notice of appeal to the United States Court of Appeals for the Third Circuit, from the District Court's Order (Document 61), dated April 28, 2016, entered April 29, 2016, Denying Plaintiffs' motion for attorney's fees.

Respectfully submitted,

Dated: May 16, 2016

_[signature]_
**ALAN L. YATVIN**
*Popper & Yatvin*
230 South Broad Street, Suite 503
Philadelphia, PA 19102
(215)546-5700
FAX (215)546-5701
E-mail: *popper.yatvin@verizon.net*

Attorney for M.R. and J.R.

**A-001**

## CERTIFICATE OF SERVICE

      I hereby certify that I am this day serving the foregoing upon the persons and in the manner indicated below.

_____
Alan L. Yatvin

Service by ECF and First Class Mail, Pre-paid, as follows:

Dated:        May 16, 2016

TO:        John F.X. Reilly, Esquire
              230 N. Monroe Street.
              Media, PA 19063-2908

**A-002**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **M.R. and J.R., Parents of minor child, E.R.,** : Plaintiffs, : : v. : : **RIDLEY SCHOOL DISTRICT,** : Defendant. : | | **CIVIL ACTION** **NO. 11-2235** |

## ORDER

**AND NOW**, this 28th day of April, 2016, upon consideration of "Motion of M.R. and J.R., Parents of Minor Child E.R., for an Award of Counsel Fees and Costs" (Doc. No. 51), "Defendant Ridley School District's Brief in Opposition to Plaintiff's Motion for Award of Counsel Fees and Costs" (Doc. No. 54), "Reply Memorandum in Support of Motion for Award of Fees" (Doc. No. 55) and "Defendant Ridley School District's Surreply Memorandum in Opposition to Plaintiffs' Motion for Award of Counsel Fees and Costs" (Doc. No. 60), I find as follows:

### I.   FACTUAL AND PROCEDURAL BACKGROUND

1. During the 2006-2007 and 2007-2008 school years E.R. attended kindergarten and first grade at the Grace Park Elementary School, a school operated by Ridley School District ("Ridley"). During these years, E.R. received services to address her learning disability and health issues. In the summer of 2008, E.R.'s parents, M.R. and J.R. ("Parents"), concluded that Ridley was not providing adequate services to E.R. and decided to enroll her at the Benchmark School ("Benchmark"), a private school.

2. On December 4, 2008, Parents filed a due process complaint with the Pennsylvania Department of Education alleging that Ridley had violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 et seq., and § 504 of the Rehabilitation Act.[1] On April 21, 2009, a Hearing Officer issued a report finding that Ridley failed to provide E.R. with an appropriate educational program. The Hearing Officer determined that Ridley was required to reimburse Parents for tuition at Benchmark for the 2008-2009 school year and also awarded E.R. compensatory education for the 2007-2008 school year.

3. On May 21, 2009, Ridley filed a petition for review in the Pennsylvania Commonwealth Court pursuant to 20 U.S.C. § 1415(i)(2). On June 2, 2009, Parents subsequently removed the action to this Court. See M.R. v. Ridley Sch. Dist., No. 09-cv-2503. Treating Ridley's petition as a complaint, Parents filed an answer and counterclaims. On February 14, 2011, I granted Ridley's motion for judgment on the administrative record and reversed the Hearing Officer's ruling that Ridley had failed to provide a FAPE. See Ridley Sch. Dist. v. M.R., 2011 WL 499966, at *1 (E.D. Pa. Feb. 14, 2011) (hereinafter "Merits Ruling").

4. On February 15, 2011, Parents filed a notice of appeal of the Merits Ruling. Shortly thereafter, Parents sent a letter to Ridley requesting reimbursement for the tuition and

---

[1] The IDEA mandates that children with disabilities have access to "free appropriate public education" ("FAPE"). 20 U.S.C. § 1400(d)(1)(A). To provide a FAPE, school districts are obligated to design and administer a program of individualized instruction that is set forth in an individualized education program ("IEP"). Id. § 1414(d). The IEP must be "'reasonably calculated' to enable the child to receive 'meaningful education benefits' in light of the student's 'intellectual potential.'" Shore Regional High Sch. Bd. of Educ. v. P.S., 381 F.3d 194, 198 (3d Cir. 2004). § 504 of the Rehabilitation Act prohibits discrimination in federally-funded programs, including public schools, on the basis of disability. 29 U.S.C. § 794.

transportation costs they had incurred in connection with E.R.'s education at Benchmark since the date of the Hearing Officer's ruling – April 21, 2009. Parents made this demand pursuant to the IDEA's "stay put" provision which provides:

> during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

20 U.S.C. § 1415(j).[2]

5. On March 25, 2011, Ridley declined Parents' request for reimbursement. On March 29, 2011, Parents filed the instant lawsuit seeking a declaration that Ridley was obligated to provide reimbursement under the stay put provision.

6. On May 17, 2012, the United States Court of Appeals for the Third Circuit affirmed the February 14, 2011 Merits Ruling. Ridley Sch. Dist. v. M.R., 680 F.3d 260 (3d Cir. 2012).

7. On August 13, 2012, I issued an opinion finding that the stay put provision entitled Parents to the reimbursement they sought. See M.R. v. Ridley Sch. Dist., 2012 WL 3279230, at *2 (E.D. Pa. Aug. 13, 2012) ("Stay Put Ruling"). On October 2, 2012, I entered judgment in Plaintiff's favor in the amount of $57,658.38. The parties stipulated that this amount reflected the tuition and transportation costs Parents incurred from the

---

[2] Although § 1415(j) does not address which party bears the cost of maintaining the pendent placement, the United States Court of Appeals for the Third Circuit has held that the provision "requires a school district to pay for a private pendent placement at least through the date of a district court's final order in an IDEA case." J.E. ex rel. J.E. v. Boyertown Area Sch. Dist., 2011 WL 5838479, at *3 (3d Cir. Nov. 21, 2011) (citing Drinker, 78 F.3d at 867 (internal quotation marks omitted)).

**A-005**

date of the Hearing Officer's ruling through the exhaustion of their appeal of the Merits Ruling.

8. On October 15, 2012, Parents filed a motion for attorney's fees in connection with the Stay Put Ruling. On November 17, 2012, Ridley filed a notice of appeal of the Stay Put Ruling. On September 30, 2013, I denied the motion for attorney's fees without prejudice and granted Parents leave to refile the motion at the conclusion of the appeal of the Stay Put Ruling. On February 20, 2014, the Third Circuit affirmed the Stay Put Ruling. M.R. v. Ridley Sch. Dist., 744 F.3d 112 (3d Cir. 2014).

9. Presently before me is Parents' renewed motion for attorney's fees. For the reasons that follow, I will deny Parents' motion.

## II. LEGAL STANDARD

10. The IDEA's fee provision provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I).

11. In order to be a prevailing party, "a party must be 'successful' in the sense that it has been awarded some relief by a court." John T. ex rel. Paul T. v. Delaware County Intermediate Unit, 318 F.3d 545, 556 (3d Cir. 2003) (quoting Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res., 532 U.S. 598, 603-4 (2001)). Success requires that the party prevail on "the merits of at least some . . . claims" or receive "at least some relief on the merits." Buckhannon, 532 U.S. at 603. At a minimum, "the plaintiff must be able to point to a resolution of the dispute which changes

the legal relationship between itself and the defendant." Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989).

### III. DISCUSSION

12. Parents contend that they are prevailing parties under the IDEA because they successfully obtained the relief they sought – reimbursement of the costs expended to maintain E.R.'s placement – and overcame Ridley's defense that the public school rather than Benchmark was E.R.'s proper pendent placement. Parents argue that the relief awarded was neither temporary nor conditional.

13. Ridley responds that Parents are not prevailing parties under the IDEA because they merely obtained enforcement of the stay put provision which is an interim remedy unrelated to the merits of the underlying IEP dispute.[3] Ridley urges that this conclusion is mandated by the Third Circuit's holdings in J.O. ex rel. C.O. v. Orange Tp. Bd. of Educ., 287 F.3d 267 (3d Cir. 2002) and John T. ex rel. Paul T. v. Delaware County Intermediate Unit, 318 F.3d 545 (3d Cir. 2003). In both cases, the Third Circuit considered whether a parent who obtains relief akin to enforcement of a stay put order is a prevailing party for purposes of the IDEA's attorney's fees provision.

14. In J.O., during a single school year, the student was suspended for more than seventy days. J.O., 287 F.3d at 270. While the suspension was in place, the Board of Education ("Board") filed a motion with the Department of Education requesting, among other things, an order to place the student on home instruction until an appropriate educational placement could be located and an order to compel the student to participate in an

---

[3] Defendants have also challenged the reasonableness of the hourly rate Parents' counsel claims. Having determined that Parents are not entitled to attorney's fees under the IDEA, I need not consider the arguments concerning the reasonableness of the fees requested.

5

**A-007**

evaluation. Id. The student's mother filed a cross-petition which, among other things, requested that the student be reinstated at the public school, an assessment of the student, and a permanent injunction to prevent the Board from suspending the student without first complying with the requirements of the IDEA and due process. Id.

15. Subsequently, the parties agreed that the student would be evaluated by various specialists. Id. Thereafter, the administrative law judge ("ALJ") ordered the Board to immediately reinstate the student at the public school and denied the remainder of the requests in the cross-petitions. Id. The student's mother then filed a petition in the district court seeking attorney's fees and costs as the prevailing party in the administrative proceedings. Id. at 271. The district court denied the petition reasoning that the relief the student's mother obtained was analogous to a stay put order and such relief was not a "permanent resolution of the merits of any of the [underlying IDEA] claims." Id. at 271.

16. On appeal, the Third Circuit held that "parents who achieve favorable interim relief may be entitled to attorney's fees as long as the interim relief granted derived from some determination on the merits." Id. at 274. As there was no indication that ALJ reached the merits of the parties' positions on the underlying IDEA issues, the Third Circuit held that the district court did not err or abuse its discretion in denying the petition for fees. Id.

17. Albeit in a different procedural posture, John T. ex rel. Paul T. v. Delaware County Intermediate Unit, 318 F.3d 545 (3d Cir. 2003) raised similar questions regarding the availability of attorney's fees under the IDEA. Although his parents paid tuition at a private school, the student received publicly funded services from the Delaware County Intermediate Unit (DCIU). Id. at 549. A dispute arose regarding the services that the

DCIU was required to provide. Id. The DCIU indicated it was willing to provide the student services at a public school but refused to continue to provide services at the private school. Id. Following this refusal, the student's parents funded the services at their own expense and filed a complaint in the district court requesting, among other things, reimbursement for the cost of providing services, reinstatement of the publically funded services at the private school, a due process hearing and other safeguards under the IDEA. Id. The district court issued a preliminary injunction requiring the DCIU to provide services to the student at the private school. Id. Subsequently, the district court found the DCIU in contempt for failing to comply with the preliminary injunction. Id. at 551. After the parties were able to construct a mutually agreeable IEP, the student moved to voluntarily dismiss his complaint in the district court. Id. He also requested attorney's fees arguing that he was the prevailing party. Id. The district court granted the motion for voluntary dismissal but denied the student's request for attorney's fees, reasoning that neither the contempt order nor the preliminary injunction were merits based or afforded permanent relief. Id.

18. On appeal, the Third Circuit concluded that the preliminary junction "is an insufficient basis on which to award attorney's fees to [the student] because it is interim relief not based on the merits of [the student's] claims." Id. at 558. The Third Circuit also noted that the student's claims were ultimately dismissed at his own request. Id. at 559. Similarly, the Third Circuit concluded that the "contempt order may not confer prevailing party status for purposes of the IDEA fee-shifting provision unless it enforces some IDEA relief that could, itself, confer prevailing party status." Id. at 559-560. The Third

7

**A-009**

Circuit found that the contempt order did not enforce any such IDEA relief but rather was "merely a mechanism to enforce the Preliminary Injunction." Id. at 559.

19. John T. is directly on point and forecloses Parents' request for attorney's fees in the case before me. In both John T. and the case before me there was a determination that the student was to continue to receive services at the current placement during the pendency of the litigation – essentially stay put orders. In both cases, the defendants refused to reimburse parents for the expenses they incurred in maintaining that placement. Following this refusal, both students successfully obtained judicial intervention to compel the defendants to comply with the stay put orders – in the case before me a judgment in a separate action and, in John T., a contempt order. Significantly, neither case resulted in a ruling in favor of the student on the merits of their underlying IDEA claim.

20. According to John T. and J.O., the successful enforcement of a stay put order does not support an award for attorney's fees because such relief is interim and not merits based. In fact, in affirming the Stay Put Ruling, the Third Circuit explicitly noted that "resolution of [pendent-placement and tuition-reimbursement rights] is completely separate from the merits issues which focus on the adequacy of the proposed IEP." M.R., 744 F.3d at 121 (citing Susquenita Sch. Dist. v. Raelee S., 96 F.3d 78, 81 n.4 (3d Cir. 1996)).

21. Parents attempt to escape the import of J.O. and John T. by characterizing the holdings in those cases as "narrow." In further support of their argument that success in receiving reimbursement for expenses in a "separate stay put action" qualifies Parents as prevailing parties entitled to attorney's fees, Parents cite to Termine ex rel. Termine v. William S.

Hart Union High Sch. Dist., 288 Fed. Appx. 360 (9th Cir. 2008) (unpublished) and several district court opinions. (See Pls.' Reply p. 1-3.) Regardless of whether or not J.O. and John T. are "narrow," they are directly on point for the reasons discussed above and foreclose Parents' ability to claim prevailing party status. Citation to non-binding precedent cannot support Parents' argument to the contrary. As such, in light of J.O. and John T., I find that Parents are not prevailing parties for purposes of the attorney's fees provision under the IDEA.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' motion for attorney's fees is **DENIED**.

BY THE COURT:

/s/ Mitchell S. Goldberg
_____
**Mitchell S. Goldberg, J.**

**A-011**