No. 16-2465

IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

M.R. AND J.R., PARENTS OF E.R., A MINOR,

Appellants

v.

RIDLEY SCHOOL DISTRICT,

Appellee.

_____

On Appeal from the
United States District Court for
The Eastern District of Pennsylvania
Judge Mitchell S. Goldberg,
No. 2:11-cv-02235

_____

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
IN SUPPORT OF PETITION FOR REHEARING EN BANC**
_____

Francisco M. Negrón, Jr.
National School Boards Association
1680 Duke Street, Floor 2
Alexandria, VA  22314
703-838-6722
fnegron@nsba.org

Counsel for Movant NSBA                                         September 12, 2017

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure (FRAP) and Third Circuit Local Rule 26.1.1., *Amicus* states that it is a non-for-profit organization. It does not have a parent corporation; nor issues stock; nor does there exist a publicly held corporation that owns 10% or more of the stock of *Amicus*.

The National School Boards Association hereby moves this Court for leave to file a brief as *amicus curiae* in support of Appellee Ridley School District's petition for rehearing en banc. Both parties consent to the filing of the brief. A copy of the proposed brief is submitted with this motion.

The National School Boards Association (NSBA), founded in 1940, is a non-profit organization representing state associations of school boards, and the Board of Education of the U.S. Virgin Islands. Through its member state associations, NSBA represents over 90,000 school board members who govern approximately 13,800 local school districts serving nearly 50 million public school students, including approximately 6.4 million students with disabilities. NSBA regularly represents its members' interests before Congress and federal and state courts and has participated as *amicus curiae* in numerous cases, including cases involving the interpretation of provisions under the Individuals with Disabilities Education Act (IDEA).

NSBA and the school leaders represented by its state associations have long supported the goals of the IDEA. Since the Act's passage in 1975, school districts in cooperation with parents have worked diligently to meet their core statutory obligation to develop and implement Individualized Education Programs (IEPs) that provide a free appropriate public education (FAPE) to millions of children with disabilities. Meeting this responsibility is a monumental undertaking that requires

commitment, perseverance, collaboration and the investment of significant human and financial resources. Although the federal government provides some IDEA funding, the states and local school districts carry most of the burden. Faced with continually tight budgets, school districts must endeavor to manage the available funds in a manner that brings the most educational benefit to as many children as possible. NSBA believes that to help school districts to achieve this end, the IDEA should be interpreted to "preserve district money and resources for the education of children rather than litigation costs." NSBA Beliefs and Policies Section 3.13 (2017).

NSBA seeks leave to file an *amicus* brief to highlight the critical impact of the panel decision's departure from established IDEA jurisprudence that limits attorneys' fees awards to parents who prevail on the merits of their IEP claim. NSBA is concerned that if left intact, the panel's decision to uphold an attorneys' fees award to parents who obtained interim stay-put relief could inflict substantial harms on school districts in the Third Circuit as well as the students they serve by imposing additional financial burdens on school districts regardless of their compliance with their core obligation under the IDEA to provide a free appropriate public education (FAPE). By diverting already scarce resources away from educational services into legal proceedings, the decision diminishes the ability of school districts to achieve their mission of providing an education to all children that prepares them for the

future. For these reasons, NSBA believes proper resolution of the issue at stake in this case is of exceptional importance, warranting this Court's review.

## CONCLUSION

The motion for leave to file an *amicus curiae* brief in support of Appellee's petition for rehearing en banc should be granted.

Respectfully submitted,

/s/ Francisco M. Negrón, Jr.

Francisco M. Negrón, Jr.
National School Boards Association
1680 Duke Street, Floor 2
Alexandria, VA  22314
703-838-6722
fnegron@nsba.org

Counsel for Movant NSBA                                September 12, 2017

3

# CERTIFICATIONS

## CERTIFICATION OF BAR MEMBERSHIP

I certify that I am a member of the Bar of the United States Court of Appeals for the Third Circuit.

## CERTIFICATE OF SERVICE

I certify that this day I served one copy of the foregoing Motion for Leave to File via First Class Mail and via this Court's ECF system to the persons below:

Alan L. Yatvin  
Popper & Yatvin  
230 S. Broad Street, Suite 503  
Philadelphia, PA 19102  

Pratik A. Shah  
Akin Gump Strauss Hauer & Feld LLP  
1333 New Hampshire Avenue, NW  
Washington, D.C. 20036-1564  

John F.X. Reilly  
Ridley School District  
230 N. Monroe Street  
Media, PA 19063-2905  

## CERTIFICATION OF COMPLIANCE

I certify that: (i) this motion complies with the page limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains three pages, excluding the Corporate Disclosure Statement and (ii) this motion complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this motion has been prepared using Microsoft Word in 14-point Times New Roman.

## CERTIFICATION OF IDENTICAL PAPER COPIES

I hereby certify that the text of the PDF file and hard copies of the motion are identical.

## CERTIFICATION OF VIRUS CHECK

I hereby certify that a virus check was performed on the PDF of this motion using Symantec Cloud.Endpoint Protection NIS 22.9.3.13 and that no virus was indicated.

Dated: September 12, 2017                /s/Francisco M. Negrón, Jr.
                                         Francisco M. Negrón, Jr.